Appeal number 201008 Attorney Grimm, please introduce yourself for the record and proceed with your argument. Your Honors, and may it please the Court, my name is Andrew Grimm of the Digital Justice Foundation on behalf of Plaintiff Appellant Cynthia Foss. I'd like to request two minutes for rebuttal, please. You may have it. Thank you, Your Honor. I'd like to address my remarks on the copyright registration issue, but I'm happy to answer any questions on withdrawal of the admissions or the review of the state law claims on the merits. On the copyright registration issue, I think there are three key points worth emphasizing. The first is Cortez Ramos itself. Second, judicial notice. Third, the possibility of a prudential stay pending a registration decision. So the first issue is Cortez Ramos. That's this court's decision from 2020. And Cortez Ramos, we think, directly applies here. So in both this case and Cortez Ramos, the complaint was filed when registration decision had not yet been made. An application for registration was filed with the Copyright Office while the case was pending. Later, the in that application date later became the effective date of registration by operation of law under Section 410D. And then later, the district court in both this case and Cortez Ramos dismissed the case. In Cortez Ramos on appeal, this court reversed and sent it back to the district court to permit an attempt to amend the pleadings and include allegations relating to the registration decision itself. Here, Mr. Grimm, in that case, there was no motion to amend. Here there was. Furthermore, on your judicial notice point, there is a dispute as to what the registration actually covers. And an assertion that the material you filed hardly shows that the registration covered the entire booklet. It does not. The assertion is made it does not, in fact. And therefore, you are quite overstating the effect of the registration. And then finally is the fact that no stay was requested beyond the period of the stay which the district court entered to await the Supreme Court's decision. Now, why it seems to me any one of those is fatal to your claim. Yeah, I'll be happy to address those in turn, Your Honor. So the first in Cortez Ramos, there was no motion to amend tendered in the district court. So the reversal there wasn't predicated on a motion to amend that was pending. It was predicated on the fact that there was no dispute as there is here. OK, we've read Cortez Ramos. We may have a different view of it. Would you care to move on? Yes, Your Honor. So second for judicial notice, I disagree with the characterization of the motion. The scope of the copyright registration. Well, you may disagree, but you've asked us to take judicial notice of something as to which there is a dispute as to what we would actually be taking notice of. You were put on notice of that and you have not replied. All right. So let's assume that this court does not think you have met the judicial notice requirements. All right. Therefore, where are we? Well, I would want to distinguish. There's the fact that the Copyright Office has registered something. And then there's the question of the scope. And I think those are two different things. So I would direct your honor back to the motion itself. We do not ask your honor for a request about the scope of the registration. And we did not ask for a determination of ownership, which is a separate merits question. What we asked for, Your Honor, was merely judicial notice of the fact that the Copyright Office has rendered a registration decision pursuant to this. And that's what Ms. Foss submitted. She submitted the book. And how is this material even with your restatement of a much more limited motion for judicial notice than I thought we had on the record? How is this material to the district court's decision that the lawsuit failed to meet the prerequisites for filing? Well, Your Honor, I think that Cortez Ramos establishes that even if that prerequisite is not met. No, Cortez Ramos does not. So why, when there is no request for a stay, no request to the district court, if it has discretion to issue a stay, why should we get into that? Well, I think a few reasons, Your Honor. The first is that, as Congress has expressly told you in the legislative history, the purpose of the registration rule is to remit the register to issue her decision. So she has to enter a decision on registration, and that's administrative guidance to the court. I'm sorry. Are you arguing, contrary to your brief, that this is not a discretionary decision? Had you requested a further stay, that that was not subject to the discretion of the district court, but it was mandatory that the district court must give a stay? No, Your Honor. My position is that Congress has said that the purpose of the registration rule is to permit administrative guidance to the courts in advance of rendering a copyrightability decision. And as the 2020 Zillow decision and VHT decision go into detailed length, and I discussed them in the reply brief in Section 1A, there's no purpose served. What it does is it burdens the court. Let me suggest to you, Mr. Grimm, that there is a purpose served. We have said repeatedly, and in a variety of contexts, that we ordinarily will not grant relief to a party that wasn't first requested in the trial court. And you come to us, and you're saying now that there should have been a stay granted in this case, a further stay beyond the stay pending the decision of fourth estate, when there was no such request for a stay made in the district court. And in the interest of preserving orderly procedures between the district court and the appellate court, it seems to me that there is a significant interest in us not saying to the district court, you should have granted this plaintiff sua sponte, something that this plaintiff never thought to request. After the district court had already delayed this proceeding by more than a year in order to grant your client a stay pending the outcome of a Supreme Court case. Therefore, we also have the interest in orderly and efficient disposition of cases in the federal district courts. Yes, you do, Your Honor. And in fact, as I expressly address in the briefs, that's not what happens by affirming here. What you incentivize is an opinion on dismissal. Time has expired. No, your time has expired. You have rebuttal time. Thank you, Your Honor. Attorney Grimm, please mute your device at this time, audio and video. And Attorney McLaughlin, if you could unmute your device and introduce yourself on the record. May it please the court, James McLaughlin on behalf of Appellee Marvick doing business as Brady Bilt's Sun Rooms. Your Honors, the district court's ruling should be upheld because first, the district court properly dismissed the appellant's copyright infringement claim because she had failed to register her copyright prior to filing suit. Second, the district court did not abuse its discretion when it deemed the appellee's request for admissions admitted. And thirdly, the district court properly allowed the appellee's motion for summary judgment after the request for admissions were deemed admitted. Turning to the first point, Your Honor, the district court properly dismissed the appellant's copyright infringement claim. Your Honors, my brother has argued that the term instituted means something more than filing. It's the appellee's position that this simply is not true. Section 411A uses the term institute. For the state, it's largely determinative of the register issue, but it also shines light on the term institute. The Supreme Court in Forth Estate stated that a lawsuit cannot commence prior to registration of a copyright. The term commence is a term of art, and when this decision is read along with Federal Rule of Civil Procedure 3, there is little doubt that institute means filing a complaint in the district court. Additionally, Section 411A uses the term institute twice. First in regards to registration, and second in regards to suit after a copyright application has been denied in bringing the copyright register in as a party. If my brother's interpretation of instituted is adopted, the copyright register would only be brought in as a party to the suit after the copyright issue was adjudicated on the merits. Lastly, as far as the term instituted, in McNeil v. United States, the Supreme Court analyzed the term instituted as it relates to the Federal Tort Claims Act. There, they ruled that the term instituted is synonymous with begin and commence, and it's the appellee's position that this court should follow that as far as interpreting the term institute here. Do you consider that issue left open by Fourth Estate? The term institute, Your Honor? Yes. No, I do not. Based on Fourth Estate, and based on the other precedent, and based on the reading of Section 411A, it's the appellee's position that there's little doubt as to what the term instituted means. It means filing a complaint in the district court. I have a question. A plaintiff's federal claim was dismissed basically for failure to meet the precondition. It's analogous perhaps to a failure to exhaust. What is your view? I'm just curious. Could plaintiff refile a new suit alleging the same harm, copyright harm? Your Honor, plaintiff has actually refiled a suit in the district court, and it's the appellee's position in that district court that it's a raised judicata issue. The decision regarding the copyright was decided on the merits. It was decided on a 12B6 motion to dismiss that was submitted by the appellees, and based on that, it is the appellee's position that there's the raised judicata and the appellant can no longer raise the copyright infringement claim. So that's been filed in a different district court for a different judge? No, Your Honor. It's in Worcester Federal District Court in front of the same judge that ruled on this motion. Counsel, I take it that issue really isn't in front of us once it gets resolved. It could or could not be the subject of a different appeal. I understand this to be a diversity case and not purely a federal question case, and so it was appropriate for the district court to go ahead and address the summary judgment motion, as did the state court claims. With respect, Judge Lynch, I may have misled you in our conversation yesterday on that. I checked the record, and I don't think it's a diversity case. Well, Mr. McLaughlin, answer the question. Thank you, Your Honor. I would agree with Judge Celia that this is not a diversity case. Okay. Marvick is a Massachusetts corporation. Ms. Foss is a Massachusetts resident. Based on that, there's no diversity. But doesn't that bring up another question, Counsel? Our case law, I think, is fairly consistent that we have counseled district courts that when a federal question case, when the federal claim on which federal question jurisdiction hinges is dismissed at the early stages of a case, that is before extensive discovery and the like, that the preferred practice is then to dismiss without prejudice the state law claims and let the plaintiff pursue those in the appropriate forum, which is the state court. So why was jurisdiction retained here? Your Honor, I... On the other hand, there was no request here not to reach these issues. And our law also says if they are easily disposed of, not controversial, don't raise any new issue of state law, then it's permissible for the court to go ahead. There's about three minutes left. Your Honor, that issue was never raised or challenged. I believe there may have been a mention at one of the hearings that Judge Hillman wanted to retain jurisdiction over the state law claims, but there was no formal pleadings as to that. Did he say why? I don't believe so, Your Honor. Okay. I think obviously this has a long procedural history, and there's other cases in Worcester Federal District Court with the same plaintiff. I believe it would be somewhere along those lines, but I don't know if he has a definitive statement as to why. Well, in any event, the appellant hasn't raised that point in this appeal, so it may very well be waived. Yes. Thank you. As to the request for admissions, Your Honors, the District Court did not abuse its discretion when it deemed the appellee's request for admissions admitted. Again, the standard for this is an abuse of discretion. It should be pointed out that the appellant never asked for her admissions to be withdrawn. She submitted two motions. The titles of the motions do not suggest that she seeks withdrawal of the admissions. Additionally, nothing in the contents of the motion applies the Federal Rules of Civil Procedure 36B two-prong standard. Based on that, the court, again, would have had to sui sponte, raise the 36B analysis. Counsel, do we know whether Judge Hillman used the 36B analysis or not? I thought that his denial was a summary order. Your Honor, that is correct. His denial was a summary order. So we don't know what analytic modality he used. He may have, in his mind, precisely followed 36B two or not. Isn't that true? Yes, Your Honor, but it's the appellee's position that we don't even get to the 36B analysis because it was not raised by the appellant at the District Court stage. Due to the fact that the request for admissions were properly deemed and admitted, the court also correctly ruled in favor of the appellee on its motion for summary judgment. I have a question about the propriety of summary judgment on the conversion claim. It seems to me the request for admissions don't necessarily dispose of the conversion claim. Unless you take the position that Massachusetts law says there can be liability for civil conversion only if the converting party knows of the proprietary interest of the owner. That's not my understanding of Massachusetts law. If you take my property and use it, I think you may be liable for conversion whether or not you know that it's my property. Yes, Your Honor, and I believe this is addressed by the first element of conversion, which is the defendant intentionally and wrongfully exercised control and dominion over the personal property. I believe in Judge Hillman's decision, the analysis of whether the appellee knew of the copyright or not goes to the wrongfully and intentionally portion of that first element. Time has expired. I had one question. It does seem to me that it is also contingent on the question of ownership and that on the summary judgment motion, no evidence of ownership was put forward. In addition to the issue of, and now Judge Hillman didn't rely on that, but given that there is a dispute about what the registration actually showed, it would seem to me that there was some obligation on the part of the plaintiff to put forward some evidence of ownership. Yes, Your Honor, and to that point, it seems illogical that the copyright infringement claim could not proceed because there was no evidence of ownership with the registration and the state law claims where ownership is the key issue could proceed. Okay. Are there any further questions? No. Thank you. Thank you, Your Honors. Attorney McLaughlin, at this time you can mute your audio and video device, and Attorney Grimm, you have two minutes of rebuttal. Please unmute your device and introduce yourself back on the record. Your Honors, and may it please the Court, Andrew Grimm on behalf of Plaintiff Appellant Boss. There's two points I want to make on the copyright claim. The first is that the Court discusses the discretionary nature of it. Again, we think that it's based on a misreading of Fourth Estate. At Addendum 4, the Court says that the claims, quote, must be dismissed based on Fourth Estate. That's a direct quote of the District Court. They say they must be dismissed. That's a misreading of the law. The Court has discretion to consider if it could have considered another stay. So even if you disagree that it was mandatory, it at least has discretion to consider. Now, Mr. Grimm, I think you've missed the point. I thought your argument was that the District Court had discretion to issue a further stay. I did not understand your argument to be there was no discretion that the District Court was required to issue a further stay. That's correct, Your Honor. That's exactly right, your statement. But the District Court was operating under the presumption that it, quote, must be, the copyright claims, quote, must be dismissed. Yes, because the District Court was operating on a record that did not contain a request for a stay. And the other thing I would say about that, though, is Section 410D of the Copyright Act expressly says that it's a retroactive effective date. So the effective date of registration is December 3rd, 2018, which is over three months before the date of dismissal, which is March 19th, 2019. So again, it's dismissed a copyright claim. There's where the copyright registration was obtained over three months. The effective date of registration was over three months prior to the dismissal. It doesn't go to the question as to whether a stay was requested. There was no stay requested. Can I answer that, Your Honor? Yes. Yeah. So, Judge Katzmann, I think I think that's correct. It doesn't go to that question, but I think that shows the District Court thought it had to dismiss. And as we've shown in the briefs, in those situations, as you can read, Cortes-Ramos at least says that it would have had discretion whether or not to continue with the case. And so I think that. OK, Mr. Grimm, your time is up. All right. Thank you so much, Your Honor. That concludes argument in this case. Attorney Grimm and Attorney McLaughlin, you should disconnect from the hearing at this time.